UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FLECTAT, LTD., on its own behalf as
Lead Underwriter and on behalf of All
Underwriters Subscribing to Certificate No.
103850MGU001,

        Plaintiff,

v.

4747 MONTGOMERY ROAD PARTNERS LLC, et al.,

        Defendants.

Case No: 1:21-cv-100

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**[1]

**I.    Background**

On February 10, 2021, Plaintiff Flectat, Ltd. ("Flectat") filed this Declaratory Judgment action. Plaintiff seeks a ruling on whether it is liable for one or more claims made against an insurance policy issued by Flectat (among other Underwriters) on a vacant commercial property located in Cincinnati, Ohio.[2] The five named Defendants include: (1) 4747 Montgomery Road Partners LLC ("4747"), alleged to be the only named insured following an April 24, 2019 amendment to the Policy, (Doc. 1 at ¶¶ 3, 49); (2) R Investments RLLP ("R Investments"), the named insured at the time the Policy was first issued, (*id*. at ¶ 4); (3) Arshia, Inc. ("Arshia"), a co-owner of the Property and a designated "loss payee to the Policy" as of June 21, 2019, (*id*. at ¶¶ 5, 50); (4) Dash 163, LLC

---

[1]The undersigned considers the application of the automatic stay to be a non-dispositive pretrial matter.
[2]Plaintiff filed suit "on its own behalf as Lead Underwriter and on behalf of All Underwriters Subscribing to Certificate No. 103850/MGU001." (Doc. 1 at ¶1)

("Dash"), alleged to be "the other co-owner of the Property" and another loss payee, (*id*. at ¶¶ 6, 50); and (5) All Risks, Ltd. ("All Risks"), named "solely because 4747 Montgomery Road claims it acted as Underwriter's agent in the negotiation and binding of the Policy," (*Id*. at ¶ 7).

Presently before the Court are: (1) a joint motion to dismiss this case filed by all Defendants but for All Risks;[3] and (2) a suggestion of bankruptcy and motion to stay all proceedings filed by Defendant R Investments. Defendant R Investments concedes it alone is a debtor in bankruptcy and that the automatic stay provision applies solely to it.[4] However, R Investments argues that the common issues of law and fact favor entry of a stay of proceedings against all Defendants. By contrast, Plaintiff Flectat argues that the automatic stay provisions do not apply at all, because R Investments is only an "interested party" and/or a nominal Defendant to this proceeding.

In addition to the ongoing bankruptcy proceeding filed by R Investments in Colorado, the instant case closely relates to an earlier-filed Maryland state court case. In that case, R Investments and 4747 filed suit against an insurance entity with which Flectat is associated. *See R Investments, RLLP, et al. v. Certain Underwriters at Lloyds, London, et al.*, No. C-03-CV-20-003979 (Md. Cir. Ct. Balt. City Nov. 4, 2020).[5] Although this Court

---

[3]The four Defendants who jointly moved to dismiss are represented by the same counsel.
[4]Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation… of a judicial… or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title…."
[5]Flectat is not a listed syndicate of the Lloyds, London Policy at issue, but appears to be part of the Canopious syndicate No. 444, which is listed on the Policy. (Doc. 19 at 7). In the Maryland case, R Investments filed suit against the group identified as "Certain Underwriters" and All Risks, alleging a breach of the Policy based upon a failure to pay the claims asserted. (Doc. 19-2). Defendants herein characterize the Maryland case as involving "[t]he exact same set of facts," (Doc. 19 at 6), a premise with which Flectat does not disagree.

cannot readily access documents filed in the Maryland case,[6] many of those records have been filed as exhibits in this case, both in support of and in opposition to Defendants' pending motion to dismiss. (*See*, *e.g.*, Docs. 19-2 and 19-3; *see also* Doc. 24-2).

## II. Analysis

### A. Applicability of the Bankruptcy Stay

The stay embodied in 11 U.S.C. § 362 is intended to be "automatic" upon the filing of a bankruptcy petition. However, a federal district court before which an action is pending may resolve a challenge to the applicability the automatic stay provision. *See Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012).

In opposition to R Investments' motion to enter a stay, Flectat argues that the automatic stay provision does not apply because this Declaratory Judgment action does not seek any relief at all against the debtor, R Investments. Flectat asserts that "[t]he instant declaratory judgment action is not an action against R[.] Investments because R[.] Investments is named only as a nominal 'interested party' … and no relief is sought against it." (Doc. 27 at 1). Flectat further reasons that the action "does not involve R Investments' property or 'property of the estate'" because R Investments is not a named insured under the subject insurance policy. (*Id.*)

Flectat's assertion that R Investments "is not a defendant in the Complaint, but rather is named solely as an interested party," (Doc. 27 at 3), is contradicted by the caption of the complaint and the docket of this Court, both of which clearly identify R Investments as one of five named "Defendants."[7] Additionally, Flectat's assertion that it

---

[6] Only the docket sheet is accessible online. Otherwise, documents may not be obtained from the state court absent a written request.
[7] Flectat's complaint further alleges that R Investments was initially a named insured prior to an amendment of the policy. (Id. at ¶ 4).

3

is willing to dismiss R Investments comes with the caveat that dismissal is subject to the debtor's "agreement to be bound by any judgment entered by this Court." (Doc. 1 at ¶ 4). If no real relief were being sought against R Investments, there would be no need to have named R Investments or for such a condition.  And, notwithstanding Flectat's protestations that R Investments does not own the property at issue and has no insurable interest, R Investments clearly believes otherwise since it initiated suit in Maryland state court to recover on its alleged interest.

Based on the record, the undersigned finds the automatic stay provision to apply to R Investments. Should Flectat wish to proceed against that Defendant in this case, it first must seek relief from the stay in bankruptcy court. However, the stay does not apply to the other (solvent) Defendants named in this case. *See generally, Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (holding that "absent unusual circumstances the stay 'does not extend… to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation'").

### B. Staying the Pending Motion to Dismiss Without Prejudice to the Non-Debtor Co-Defendants' Right to File a New Motion

Citing *Colorado River* abstention principles,[8] the motion to dismiss argues in part that this Court should decline jurisdiction because of the ongoing status of the first-filed Maryland state court case. (Doc. 19).  Flectat responds to that argument by pointing out that the Underwriters had filed a motion to dismiss or to stay the Maryland case, based in part on argument that the issues should be litigated in this Ohio federal court.  (Doc. 24). Prior to the scheduled hearing date on the Underwriters' motion to dismiss or stay the Maryland state action, R Investments filed a suggestion of bankruptcy and motion

---

[8]*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)

invoking the automatic stay in Maryland. On May 27, 2021, the Maryland state court entered a one-year stay of that case. In the absence of a copy of the Maryland state court's order, this Court can only assume that the Maryland court entered a stay pursuant to R Investments' bankruptcy proceeding and not based upon the Underwriters' argument that this Ohio court provides the better forum for resolving the underlying issues.

Because R Investments participated in the filing of the motion to dismiss in this Court, that pending motion, (Doc. 19), is also subject to the automatic stay. In any event, briefing on the pending motion fails to account for the current stay of the Maryland case, which arguably impacts (at a minimum) the *Colorado River* abstention issues. In order to effectuate the stay without prejudicing the rights of the non-debtors, the undersigned will stay any determination on the pending motion without prejudice to the right of any Defendant to re-file a new motion if desired. *See generally*, *Harris v. Decision One Mortgage Company*, 2013 WL 12049106, at *2 (W.D. Tenn. Feb. 5, 2013) (denying motion to dismiss without prejudice to refile a new motion concerning claims unaffected by bankruptcy stay).

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED**:

1. R Investments' motion to stay (Doc. 26) is GRANTED solely as to the debtor, Defendant R Investments;
2. Because the pending motion to dismiss was jointly filed by R Investments and three co-Defendants, the disposition of the pending motion to dismiss (Doc. 19) is also STAYED pursuant to 11 U.S.C. § 362(a);

3. The entry of the automatic stay as to proceedings against R Investments does not stay Plaintiff's claims against any other Defendant.  Therefore, Defendants 4747, Arshia, and Dash shall either file an Answer to the complaint or, in lieu thereof, a new motion to dismiss, on or before **September 15, 2021**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge